UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
KENNETH T. CHAVEZ, *on behalf of himself
and all others similarly situated*,[1]

                      Plaintiff,

                                                        **SUPPLEMENTAL
                                                        REPORT & RECOMMENDATION
                                                        20 CV 1388 (ENV)(LB)**

     -against-

L2 LIU INC., d/b/a QUALITY INN NEAR
SUNSET PARK,

                      Defendant.
-------------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

      Plaintiff, Kenneth Chavez, brings this civil action against L2 Liu Inc. d/b/a Quality Inn Near Sunset Park Hotel ("L2 Liu"), alleging that it violated his rights under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12182, *et seq.*; the ADA Accessibility Guidelines ("ADAAG"), 28 C.F.R. Part 36; the New York Civil Rights Law, N.Y. Civ. Rights Law §§ 40 *et seq*; the New York State Human Rights Law ("NYSHRL"), N.Y. EXEC. LAW §§ 297 *et seq*; and the New York City Human Rights Law ("NYCHRL"), N.Y. CITY ADMIN. CODE §§ 8-120(8), 8-126(a), and 8-502(a). Plaintiff sought declaratory and injunctive relief and an award of statutory damages, compensatory damages, and punitive damages, as well as attorney's fees and costs.

      When defendant failed to plead or otherwise defend this action despite proper service of the summons and complaint, plaintiff moved for a default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. ECF No. 10. The Honorable Eric N. Vitaliano referred

---

[1] Although this action was purportedly brought "individually and on behalf of all others similarly situated," it was never certified as a class action. ECF No. 1 at 1.

1

plaintiff's motion for a default judgment to Magistrate Judge James Orenstein for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). On November 18, 2020, this case was reassigned to me.

On February 26, 2021, I issued a Report and Recommendation which recommended that plaintiff's motion for a default judgment should be granted in part and denied in part. Specifically, I recommended: the Court should issue an injunction to bring defendant's hotel into compliance with the ADA, the New York Civil Rights Law, the NYSHRL, and the NYCHRL; plaintiff's request for $500 in statutory damages under the New York Civil Rights Law should be denied without prejudice and plaintiff should be granted leave to file proof that he served the Attorney General with notice of this action at or before its commencement; plaintiff should be awarded $1,000 in compensatory damages under the NYSHRL and the NYCHRL; plaintiff's request for punitive damages under the NYCHRL should be denied; plaintiff's request for an award of attorney's fees and costs under the ADA should be denied without prejudice and that plaintiff's counsel should be granted leave to file a motion for attorney's fees and costs upon demonstrating reasonable efforts to enforce the injunction within six months of any Order adopting the Report. ECF No. 12. Judge Vitaliano adopted the Report in part but awarded plaintiff statutory damages in the amount of $500, as plaintiff filed proof of service on the Attorney General, ECF No. 13, and referred the calculation of plaintiff's attorney's fee award back to me for a supplemental Report and Recommendation. ECF No. 15.

# DISCUSSION[2]

### A. Attorney's Fee

Under the ADA, the NYSHRL, and the NYCHRL, the Court may award a reasonable attorney's fee to a prevailing plaintiff. 42 U.S.C. § 12205; N.Y. Exec. Law §297(10); N.Y.C. Admin. Code §8-502(g). Applications for fee awards must be supported by time records which specify the date, time expended, hourly rate, and description of the work done by each attorney. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); N.Y.S. Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983). The award of a reasonable attorney's fee is within the sound discretion of the district court. Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany and Albany County Bd. of Elections, 522 F.3d 182, 190 (2d Cir. 2008) (noting the "considerable discretion" trial courts exercise in awarding attorney's fees).

In the Second Circuit, courts awarding attorney's fees calculate a "presumptively reasonable fee" by taking the product of the hours reasonably expended and a reasonable hourly rate that reflects "what a reasonable, paying client would be willing to pay." Arbor Hill Concerned Citizens Neighborhood Ass'n, 522 F.3d 183–84. A reasonable hourly rate is generally calculated by reference to the prevailing hourly rates in the district where the court sits for attorneys of "comparable skill, experience, and reputation." Gierlinger v. Gleason, 160 F.3d 858, 872 (2d Cir. 1998); see Simmons v. N.Y. City Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009) (district court's award of attorney's fees vacated as they were calculated based on prevailing rates in the S.D.N.Y. rather than the E.D.N.Y.).

Plaintiff's counsel has submitted his contemporaneous time records for the Court's consideration. See ECF No. 11-2, Exhibit Legal Fee Statement ("Fee Statement."). The Fee

---

[2] The Court references and assumes familiarity with the factual background and procedural history of the case as set forth in the initial Report and Recommendation. ECF No. 12.

Statement details 7.2 hours of legal services and an anticipated "three (3) hours of additional time [that] will be expended in review of the Court's Final Judgment and enforcement of same." Id. Plaintiff requests a rate of $385 for attorney Mitchell Segal. ECF No. 11, Plaintiff's Memorandum in Support, ("Supp. Mem.").

"Where cases involve identical legal issues and similar factual issues, the duplicitous nature of the litigation warrants a reduction in the law firm's fee." Cankat v. 41st Ave. Rest. Corp., No. 15-CV-4963, 2016 WL 7217638, *3 (E.D.N.Y. Dec. 12, 2016) (citation omitted). In cases such as the instant matter where the pleading and motion for a default judgment are cookie-cutter and almost identical to other cases filed by plaintiff's counsel, courts may "(i) cut the number of hours billed, (ii) reduce the amount of the fee, or (iii) disallow the entire amount." Shariff v. Beach 90th St. Realty Corp., No. 11-CV-2551, 2013 WL 6835157, at *7 (E.D.N.Y. Dec. 20, 2013) (citing cases). Moreover, plaintiff's counsel's calculations on the filed time sheet are incorrect. The hours listed multiplied by his requested hourly rate do not equal the subtotals.[3] The Court also finds that the Complaint and Memorandum in Support of Plaintiff's motion for default are boilerplate, contain significant copy and paste errors,[4] and closely match filings in several other matters filed in this district by Mr. Segal on behalf of the same plaintiff.[5] Accordingly, plaintiff's counsel's

---

[3] For example, in the first row, 1.15 hours multiplied by $385 equals $442.75, not $481.25. In the second row, .15 hours multiplied by $385 equals $57.75, not $96.25. Every calculated subtotal is incorrect.

[4] In my Report and Recommendation, ECF No. 12, I noted that plaintiff's Memorandum in Support inexplicably states that, "[a]ccording to the 2014 Census there are 208,000 deaf and hard of hearing individuals that live in New York State. Consequently, the Plaintiff and the Subclass seek the following damage award," at page 16. This is a copy and paste error. Plaintiff, Mr. Chavez, is not deaf.

[5] See e.g., Chavez v. 214 Franklin LLC, No. 20-CV-428; Chavez v. Feather Factory Hotel Inc., No. 20-CV-804; Chavez v. 46 Nevins Street Associates LLC et al., No. 20-CV-977; and Chavez v. 25 Jay Street LLC et al, No. 20-CV-845.

hours should be reduced from 7.2 hours to a more reasonable five (5) hours. The requested three (3) additional hours for reviewing the final judgment are speculative and should be denied.

Although plaintiff's counsel states that he was admitted to the New York Bar in 1985 and has 25 years of experience, Supp. Mem. at 17, he has not cited the rate that he has been awarded in other matters that the Court has approved. Plaintiff's Memorandum merely states that "Mr. Segal's current hourly rate is $385/hour" and that the rate is "presumptively reasonable." Id. In a motion for a default judgment in another ADA case in the Eastern District of New York, Mr. Segal was recently awarded a rate of $300. See Chavez v. 25 Jay St. Llc & N. Henry, No. 20-CV-845, 2021 WL 982865 (E.D.N.Y. Feb. 24, 2021), Report and Recommendation adopted by 2021 WL 980257 (E.D.N.Y., Mar. 16, 2021). Further, courts in this district have reduced hourly rates in non-complex ADA cases to $300. Monge v. Glen Cove Mansion Hosp., LLC, No. 18-CV-7229, 2020 WL 1666460, at *6 (E.D.N.Y. Apr. 2, 2020) (finding a reduced hourly rate of $300 to be reasonable given that "[plaintiff's counsel] brings similar ADA cases on behalf of Monge and a few other very select clientele; the simple, straightforward nature of this ADA case; this case having been commenced with the same boilerplate complaint used in the Similar Hotel Cases…"). Here, considering the default posture of this case, the duplicative nature of plaintiff's counsel's filings, and the errors in counsel's submissions, I find a reduced hourly rate of $300 to be reasonable. I therefore recommend plaintiff should be awarded an attorney's fee of $1,500 ($300/ hour x 5 hours).

### B. Costs

"The fee applicant bears the burden of adequately documenting and itemizing the costs requested." See Monge, 2020 WL 1666460, at *6 (quoting Volpe v. Nassau County, No. 12-CV-

2416, 2016 WL 6238525, at *10 (E.D.N.Y. Oct. 24, 2016)). Plaintiff seeks incurred costs of $600.00 including the $400.00 filing fee and a $200.00 process service fee.

"Filing fees are recoverable without supporting documentation if verified by the docket." Feltzin v. Union Mall LLC, 393 F. Supp. 3d 204, 219 (E.D.N.Y. 2019). "Process server fees are also recoverable but must be supported by documentation." Id.

Plaintiff's filing fee is noted on the docket. ECF No. 1. However, plaintiff's counsel fails to support his request for the process server fee. I therefore respectfully recommend that plaintiff be awarded $400 in costs.

## CONCLUSION

For the reasons set forth above, I respectfully recommend that plaintiff's motion for attorney's fees and costs should be granted in part and denied in part. I recommend that the Court should award plaintiff $1,500 in attorney's fees and $400 in costs. Plaintiff is hereby directed to serve a copy of this Report and Recommendation upon the defendant and file proof of service with the Court forthwith.

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days from service of this Report to file written objections. See Fed. R. Civ. P. 6. Such objections shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human

Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

                                                  /S/
                                        LOIS BLOOM
                                        United States Magistrate Judge

Dated: April 12, 2021
       Brooklyn, New York